IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Erika Stoye
_____
Plaintiff(s),

vs.

Geico General Ins. Co.
_____
Defendant(s).

CASE NO. 3AN-11-5834 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Geico General Ins. Co.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Kelley & Canterbury, whose address is: 821 N Street #205, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Michalski
    and Master _____.

[ ] This case has been assigned to District Court Judge _____.

Date: 2-28-11

CLERK OF COURT

By: _____
Deputy Clerk

I certify that on 2-28-11 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff  [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Erika Stoye, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) ) |
| Geico General Insurance Company | ) ) ) |
| Defendant. | ) ) Case No. 3AN-11-05234 CI |

## COMPLAINT

COMES NOW the plaintiff, Erika Stoye, by and through counsel of record, Kelley & Canterbury, and for claims of relief against defendant, Geico General Insurance Company, complains and alleges as follows:

1. Plaintiff Stoye is a resident of the State of Alaska and is qualified to bring and maintain this cause of action.

2. Defendant, Geico, is a corporation engaged in the business of providing automobile insurance products and coverage in one or more lines of insurance within the Third Judicial District in Anchorage, Alaska. Geico does business within the Third Judicial District in Anchorage, Alaska.

3. Plaintiff Erika Stoye is an insured on Geico Insurance Company policy number 4040-68-39-57, (Exhibit A – Geico declaration page and Alaska Family Automobile Insurance Policy).

/

/



Kelley & ANTERBURY LLC

N Street, Suite 205
torage, AK 99501
one (907) 276-8185
(907) 279-3829

Complaint
Stoye v. Geico
Page 1 of 5

4. On March 28, 2008 plaintiff was seriously injured in a motor vehicle collision on Vance Drive at the intersection with Tudor Road within the Third Judicial District in Alaska, (Exhibit B – police report).

5. Plaintiff received the limits of the tortfeasor's policy of insurance.

6. The Geico insurance contract provides underinsured motorist coverage for plaintiff Stoye, (See, COVERAGES page of Exhibit A and pages 10-13 of Exhibit A).

7. In early December of 2010 proof of losses was provided to defendant with an offer to settle for the available limits of the policy, (Exhibit C – letter to defendant dated 1/10/11). Defendant did not accept plaintiffs offer, nor did it make good faith efforts or acts to resolve plaintiffs first party claim.

8. In accordance with the policy at Section IV. Underinsured Motorist Coverage; CONDITIONS item 4. entitled "ARBITRATION" a request to arbitrate plaintiffs claims was made upon defendant, (Exhibit D – Geico letter dated 1/24/11).

9. Defendant declined plaintiffs arbitration request and requested loss materials that were previously provided, (Exhibit E – Geico letter dated 2/3/11).

10. Alaska law provides for enforcement of insurance contracts and breach of contract associated with the collection of underinsured compensatory losses (economic, noneconomic and statutory) available to first party insureds like Ms. Stoye.

## Unreasonable Handling of Claims

11. Defendant owes its insured fiduciary duties including but not limited to a duty of good faith, fair dealing and reasonable response to claim settlement communications.

12. Defendant Geico and its agents negligently, unreasonably, and with improper


Kelley &
CANTERBURY
LLC

N Street, Suite 205
horage, AK 99501
one (907) 276-8185
x (907) 279-3829

motive failed to engage in equitable settlement discussions of plaintiffs claim, delayed and compelled its insured to litigate for recovery of first party benefits in violation of Alaska Statute 21.36.125.

13. Defendant Geico and its agents negligently, unreasonably, and with improper motive failed to take good faith efforts to resolve plaintiffs first party claim in violation of Alaska Statute 21.36.125.

14. Defendant breached statutory duties, duties owed to first party insured Stoye and terms of the insurance contract by failing to pay those portions of underinsured motorist bodily injury claim not in dispute as required by 3 AAC 26.070(a)(2).

### Breach of Duties and Contract

15. Defendant and its agents knew or should have known its insured would incur delay, expenses and financial risk associated with litigation of first party underinsured motorist claims through the judicial system.

16. Defendant failed to advise its insured of risks and expenses associated with litigation and in resolving underinsured motorist claims via the court system with a civil lawsuit.

17. Defendant unreasonably exposed plaintiff to litigation fees, costs, and other economic and non-economic harm by forcing plaintiff to initiate litigation against her insurer, all of which is in violation of 3 AAC 26.010, et. seq., 3 AAC 26.080 and Alaska Statute 21.36.125.

18. Defendant is liable for breach of contract, negligent adjusting, and breach of the covenant of good faith and fair dealing.



Kelley &
CANTERBURY
LLC.

N Street, Suite 205
chorage, AK 99501
hone (907) 276-8185
x (907) 279-3829

## Conclusion

19. That each of the aforesaid acts of negligence, gross negligence, breach of contract, fiduciary duties and recklessness on the part of defendant constitutes a proximate cause of injuries to plaintiff Stoye.

20. Alaska law requires compensation for harm, losses and damages of severe and permanent injuries, past and future medical care, past and future employment losses, past and future pain, suffering, anxiety, inconvenience; past and future loss of enjoyment of life, disability and permanent impairment sustained by plaintiff Stoye as a consequence of the March 2008 collision.

21. The insurance contract affords plaintiff Stoye coverage and benefits for underinsured losses that result from the March 2008 collision. Plaintiff Stoye seeks to enforce and acquire the benefits of the contract with defendant Geico.

WHEREFORE, Plaintiff, Erika Stoye, prays for judgment against defendant Geico as follows:

1. a factual finding of value of harms and losses sustained in the 3/28/08 collision and resulting from Geico's improper first party claims handling.
2. general, special, and exemplary damages within the jurisdictional limits of the court.
3. interest, costs, and attorney fees as provided by Alaska statutes and rules of Court.
4. For such other relief as the court deems fair, just, and equitable.



Kelley &
Canterbury
LLC.

N Street, Suite 205
chorage, AK 99501
hone (907) 276-8185
x (907) 279-3829

Complaint
Stoye v. Geico
Page 4 of 5

DATED this 25 day of February, 2011.

> Respectfully Submitted
> Kelley & Canterbury
>
> Michaela Kelley Canterbury
> Attorney for Plaintiff
> ABA No. 9411089



Kelley &
Canterbury
L.L.C.

1 N Street, Suite 205
nchorage, AK 99501

phone (907) 276-8185
ax (907) 279-3829

Complaint
Stoye v. Geico
Page 5 of 5