UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| ERIKA STOYE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00074 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| GEICO GENERAL INSURANCE | ) | [Re:   Motions at Dockets 18 and 34] |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 18, defendant Geico General Insurance Company ("defendant" or "Geico") moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment in its favor.  Plaintiff Erika Stoye ("plaintiff" or "Stoye") opposes the motion at docket 25. Geico's reply is at docket 28.  Oral argument was heard on September 21, 2011.

At docket 34, Geico moves pursuant to Federal Rules of Civil Procedure 21 and 42(b) to sever and stay Stoye's bad faith claim.  Stoye opposes the motion at docket 36. Geico's reply is at docket 37.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

In March 2008, plaintiff's vehicle was struck while she was at a stop sign. The driver of the other vehicle was intoxicated and fled the scene on foot.  The owner of the

other vehicle was in the passenger seat at the time of the accident, and also intoxicated, but he did not leave the scene.  Stoye sustained various injuries.

Stoye's vehicle was insured by Geico.  The policy included coverage for bodily injury liability, property damage liability, and $50,000 in uninsured or underinsured motorist ("UIM") coverage.  The other vehicle was insured by State Farm.  Litigation against the unidentified driver and owner of the other vehicle settled for the limits of the owner's insurance policy in November 2010.  Upon settlement, Stoye made a UIM claim with Geico.

The parties corresponded by letter between November 2010 and March 2011.  Stoye provided Geico with various medical records related to the collision and a copy of Stoye's deposition from the previous litigation.  Geico sent Stoye a medical authorization release and requested that her counsel contact a claims examiner to schedule a recorded interview.  On February 24, 2011, Stoye's counsel indicated she would be filing suit.  Geico responded on March 2, 2011, noted its previous requests for a medical authorization release and recorded interview, and also requested an examination under oath.  Stoye filed the present lawsuit on February 28, 2011, in state court, asserting claims for breach of contract and breach of the covenant of good faith and fair dealing.  The case was removed to federal court on April 12, 2011.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."[1]  The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]  In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the

---

[1]Fed. R. Civ. P. 56(c)(2).

[2]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3]*Id.*

non-moving party.[4]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[5]  The burden of persuasion is on the moving party.[6]

## IV.  DISCUSSION

### A.  Motion at Docket 18

#### 1. Conditions of the Insurance Contract

Geico argues that Stoye did not fulfill conditions of the insurance contract and therefore that it had no obligation to her.  First, Geico maintains that Stoye refused to submit to a recorded interview.  The available evidence demonstrates–at best–that Stoye refused to contact Geico in order to schedule such an interview.[7]  Even if the insurance contract required Stoye to submit to a recorded interview, the contract clearly did not require Stoye to take the intermediate step of contacting Geico to schedule one. Geico is not entitled to summary judgment based on a failure to submit to a recorded interview.

The policy stated that "[a]t [Geico's] request, the insured shall authorize [Geico] to obtain medical reports and copies of records."[8]  Geico enclosed a medical authorization release with its correspondence dated January 24, 2011.[9]  The policy also required Stoye to submit to an examination under oath.  The policy language is explicit

---

[4]*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[5]*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[6]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7]Doc. 18-3 at 11 ("Please contact me to arrange a time to secure a recorded interview"); doc. 18-3 at 15 ("We have previously requested a detailed recorded statement"); doc. 18-3 at 17 ("This is a follow up to our previous correspondence in which we requested a comprehensive recorded statement . . . .  Please contact me to arrange a time that works for both you and your client."); doc. 18-3 at 18 ("Please contact me to set up a time to secure the recorded statement.").

[8]Doc. 18-1 at 15.

[9]Doc. 18-3 at 11–12.

that Geico was responsible for naming the examiner and scheduling the examination.[10] There is no evidence that Geico named an examiner and scheduled an examination. Moreover, the parties' correspondence began in October 2010.  Plaintiff's complaint was filed on February 28, 2011.  The first request for an examination under oath came on March 2, 2011.[11]

Geico argues that Stoye's failure to sign the release and failure to submit to an examination under oath independently excused its obligations under the contract.  Even if Stoye did not sign the authorization or submit to the examination under oath, it does not follow that Geico was discharged from its obligations under the contract.  The Restatement provides that "[t]o the extent that the non-occurrence of a condition would cause disproportionate forfeiture, a court may excuse the non-occurrence of that condition unless its occurrence was a material part of the agreed exchange."[12] Therefore, even if it were established that a medical release and an examination under oath were conditions precedent to Geico's duty to perform, it would be in the court's discretion to excuse non-performance if non-occurrence of those conditions would result in forfeiture of Stoye's premiums.

Geico argues that "[t]hese are material breaches of her obligations under the contract"[13] but that has not been established.  The policy states that "[i]f the insured . . . files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings."[14]  The fact that the policy contemplates that suit might be filed at any time undermines the notion that failure to meet the conditions constituted material breach.

---

[10]The policy provides that "[t]he insured . . . must submit to examination under oath by any person named *by us*, *when* and as often as we may reasonably require."  Doc. 18-1 at 14.

[11]Doc. 18-3 at 20.

[12]Restatement (Second) of Contract § 229.

[13]Doc. 28 at 3.

[14]Doc. 18-1 at 14.

### 2. Bad Faith Claim

Geico argues that summary judgment in its favor on Stoye's bad faith claims is appropriate irrespective of disposition of Stoye's breach-of-contract claims. Geico relies on *Hillman v. Nationwide Mutual Fire Ins. Co.*[15] In *Hillman*, the Alaska Supreme Court held that "where [an] insurer establishes that no reasonable jury could regard its conduct as unreasonable, the question of bad faith need not and should not be submitted to the jury."[16]

Stoye has not articulated a basis for her bad faith claim beyond a general assertion of failure to investigate. On the facts here, that is insufficient. It is clear that Geico was attempting to investigate. Under the policy, Geico was entitled to seek a medical authorization release and an examination under oath. Stoye did not sign the release and did not submit to an examination. Instead, Stoye provided "medical summaries[] and deposition testimony."[17] Geico's conduct was within the scope of the insurance contract, Stoye's was not. Stoye maintains that Geico had "everything needed for its evaluation of her claim," but the contract did not authorize Stoye to unilaterally make that determination. Under Stoye's theory, any time an insured thought her insurer had everything needed to evaluate a claim, the insurer would be acting in bad faith by requesting other items *even if the insurer were contractually entitled to request them*. That proposition is untenable. On the facts here, no reasonable jury could conclude that Geico's requests were unreasonable.

Although the Unfair Claim Settlement Practices Act prohibits, *inter alia*, "delay[ing] investigation or payment of claims by requiring submission of unnecessary or substantially repetitive claims reports and proof-of-loss forms,"[18] there is no private right

---

[15]855 P.2d 1321 (Alaska 1993).

[16]*Id.* at 1325.

[17]Doc. 25 at 22.

[18]AS § 21.26.125(13).

of action for damages under that statute.[19]  To the extent Stoye bases her bad faith claim on Geico's purported request for duplicative materials, however, that basis is also insufficient.  Geico's request for a medical authorization release and an examination under oath were not rendered unreasonable simply because Stoye proclaimed that she had provided all materials that Geico would need to process the claim.  No reasonable jury could find otherwise.

**B. Motion at Docket 34**

Because summary judgment in favor of Geico is appropriate with respect to Stoye's bad faith claim, the motion at docket 34 is moot.

**V.  CONCLUSION**

For the reasons above, defendant's motion at docket 18 for summary judgment pursuant to Rule 56 is **GRANTED** in part and **DENIED** in part as follows:

1) It is denied as to Stoye's breach-of-contract claim.

2) It is granted as to Stoye's bad faith claim. Stoye's bad faith claim is **DISMISSED**.

The motion at docket 34 is **DENIED** as moot.

DATED at Anchorage, Alaska, this 29th  day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[19] *O.K. Lumber Co. v. Providence Washington Ins. Co.*, 759 P.2d 523, 527 (Alaska 1988).